UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GREGORY LEE GISSENDANER,** | **Case No.** |
| **Plaintiff,** | |
| **v.** | |
| **DICK'S SPORTING GOODS, INC.;** and fictitious parties **A THROUGH Z** those persons, firms or corporations responsible for damages incurred to Plaintiff whose names are otherwise unknown to the Plaintiff at this time but shall be added by amendment when ascertained; being those persons, firms or corporations who negligently investigated and/or terminated Plaintiff which caused both compensatory and other damages to the Plaintiff whose identity is unknown at this time but will be added by amendment when ascertained; being those persons, firms, or corporations who intentionally invaded the personal seclusion of plaintiff and committed outrageous conduct whose identity is unknown at this time but will be added by amendment when ascertained, | |
| **Defendants.** | |

## NOTICE OF REMOVAL

Defendant Dick's Sporting Goods, Inc. ("DSG"), pursuant to 28 U.S.C. §§

1332, 1441, and 1446, submits the following Notice of Removal with respect to the

96768358v.3

above-captioned case, which was filed in the Circuit Court of Houston County, Alabama, Case No. 38-CV-2023-900283.00. In support of this Notice of Removal, DSG states the following:

## Timeliness and Background

1. On July 15, 2023, Plaintiff Gregory Lee Gissendaner ("Plaintiff") commenced a civil action against DSG by filing a Complaint in the Circuit Court of Houston County, Alabama. The lawsuit is recorded on that Court's docket as Case No. 38-CV-2023-900283.00.

2. There are no other parties specifically named as defendants in the case. Rather, the caption merely describes fictious parties A THROUGH Z.

3. DSG's Registered Agent was served with a copy of the Complaint and Summons by certified mail on July 19, 2023. (Hill Decl. ¶ 4.)

4. Paragraph 5 of the Complaint refers to Brent Jordan, Tom Johnson, Thomas Jones, and Lisa Mosby as *potential* individual "defendants," but they are not identified as such in the case caption. No summons has issued as to these individuals, they have not been served with process and, therefore, they are not currently parties to this case. Moreover, as set forth below, none of these individuals are citizens of Alabama.

2

96768358v.3

5.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Plaintiff's Complaint  and Summons as served on DSG is attached as **Exhibit A**. No other process, pleadings, or orders have been served upon DSG in this action[1].

6.      A copy of the state court docket is attached as **Exhibit B**.

7.      This Notice of Removal is timely as service was made less than thirty days ago. *See* 28 U.S.C. § 1446(b).

## Venue And Notice

8.      Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Venue is proper in this District because, pursuant to 28 U.S.C. § 118(a), this District embraces the Houston County Circuit Court, the place where the removed action is pending. 28 U.S.C. § 1441(a).

9.      Promptly upon filing of this Notice of Removal, DSG will file a Notice of Filing of Notice of Removal with the Circuit Court of Houston County and will serve a copy thereof on Plaintiff through his counsel, pursuant to 28 U.S.C. § 1146(d).

## Diversity Jurisdiction

10.     Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the

---

[1] Additional materials filed in the state court action are also included in **Exhibit A**.

3

sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

11.    In this case, both the "diversity" and "amount in controversy" requirements are met.

### The Parties Are Diverse

12.    As reflected in Plaintiff's Complaint, Plaintiff is a resident (and, thus, presumably, a citizen) of Alabama. (Compl. ¶ 1.)

13.    A corporation's citizenship is its states of incorporation and its principal place of business.  28 U.S.C. § 1332(c)(1).

14.    DSG is a corporation that is incorporated in Delaware and has its principal place of business in Pennsylvania. (*See* Declaration of Erica Hill (Hill Decl.) ¶ 5, attached as **Exhibit C**.) DSG is therefore a citizen of Delaware and Pennsylvania.

15.    Brent Jordan is a citizen of Florida. (*Id.* at ¶ 6.)

16.    Tom Johnson is a citizen of Texas. (*Id.*)

17.    Lisa Mosby is a citizen of Pennsylvania. (*Id.*)

18.    The "Tom Jones" identified as a potential defendant in the Complaint is believed to be a typographical error. Upon information and belief, that should be a reference to the "Tom Johnson" noted above (from Texas). (*Id.* ¶ 8.) There is no

4

individual by the name of Tom Jones who could have possibly been involved in any capacity or considered a potential defendant in this case. (*Id.*)

19.    Thus, complete diversity is satisfied because this dispute is between "citizens of different States." 28 U.S.C. § 1332(a).

**The Amount In Controversy Exceeds $75,000**

20.    The amount in controversy is in excess of $75,000.

21.    A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Hughley v. USAA Gen. Indem. Co.*, 3:19-CV-00681-ALB-WC, 2019 WL 13215562, at *1 (M.D. Ala. Oct. 23, 2019) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014)). "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753 (11th Cir. 2010). When assessing whether the amount in controversy requirement has been met, the Court may review the record and evidence relevant to the amount in controversy at the time of removal. *Williams*, 269 F.3d 1316 at 1319-20. "Estimating the amount in controversy is not nuclear science; it does not demand decimal-point precision . . . . And the undertaking is not to be defeated by unrealistic assumptions that run counter to common sense." *See S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1317 (11th Cir. 2014) (internal citations omitted). "[W]here the

5

96768358v.3

parties and the court know from their exercise of good sense and experience that the claim[s] exceed $75,000[,] [t]here is no point in writing a law review article on the subject." *Smith v. State Farm Fire & Cas. Co.*, 868 F.Supp.2d 1333, 1335 (N.D. Ala. 2012).

22.     As shown below, the amount in controversy at issue in this case exceeds the jurisdictional requirement. Accordingly, all substantive requirements for removal because of diversity of citizenship have been met.

23.     In his Complaint, Plaintiff alleges he was hired by DSG as a Sales Support Manager in 2011, and that DSG terminated his employment on March 7, 2022.  (Compl. ¶¶ 3, 13.)

24.     At the time of his termination, Plaintiff was a Store Manager earning a base salary of $88,312.43. (Hill Decl. ¶ 7.) Plaintiff earned certain bonuses; in 2021, the final full year of his employment prior to his termination, Plaintiff's Box 1 W-2 wages were $137,005.79. (*Id*.) An $88,312.43 annual salary is equal to about $7,359 per month.

25.     In his Complaint, Plaintiff claims DSG violated the Alabama Age Discrimination in Employment Act ("AADEA") by not promoting him and terminating him (Count I), and retaliating against him (Count II). He alleges that DSG "refused to promote plaintiff, would not consider plaintiff for a promotion and after plaintiff complained that he was discriminated against by not being promoted

96768358v.3

the Defendant Dick's Sporting Goods terminated plaintiff on March 7, 2022."
(Compl. ¶ 21.) Similarly, he alleges that he was terminated on or about March 7,
2022 due to the "immoral acts and conspiracy of the agents of Defendant Dick's,
Plaintiff Gissendaner was terminated in bad faith." (*Id.* ¶ 13.)

26.    Based on this, Plaintiff seeks "attorney fees, incidental, consequential
and compensatory damages, punitive damages, lost earnings plus interest and costs
and/or a sum which this honorable Court and jury deems reasonable." (*See*
Wherefore paragraphs after Compl. ¶¶ 24, 33.)

27.    Although the AADEA does not authorize punitive damages, it does
authorize liquidated damages for willful violations. *See* Code of Ala. § 25-1-29 (state
age discrimination act's remedies mirror the federal Age Discrimination in
Employment Act); 29 U.S.C. § 626 (federal ADEA authorizes liquidated damages
for willful violations).

28.    Plaintiff alleges that DSG committed "immoral and intentional acts to
cause extreme mental anguish upon Plaintiff." (Compl. ¶ 5.)

29.    As such, using Plaintiff's base pay alone (not including his bonuses),
the amount in controversy at the time of removal is at least $235,000 when just
considering "lost wages" and potential liquidated damages. This is calculated as
$7,359 per month for 16 months (March 2022 to July 2023) and doubled for

7

96768358v.3

liquidated damages. Even without liquidated damages, Plaintiff's back pay alone is approximately $117,000 to-date, exceeding the jurisdictional threshold.

30.     Plaintiff also purports to allege state-law claims of "invasion of privacy" (Count IV) and "Outrage" (Count V). In both claims, he seeks "incidental, consequential and compensatory damages," as well as punitive damages. (*See* Wherefore paragraphs after Compl. ¶¶ 46, 55.) For both claims, he alleges that DSG caused him "mental suffering, shame, or humiliation." (Compl. ¶¶ 44, 53.)

31.     Recent jury awards establish that the compensatory and punitive damages sought in his Invasion of Privacy and Outrage cause of actions place the amount in controversy in the action well above $75,000.00. For example, in a 2021 Northern District of Alabama case involving wrongful termination claims as well as state-law invasion of privacy and intentional infliction of emotional distress/outrage claims, the jury awarded the plaintiff $200,000.00 in emotional pain and anguish based on the plaintiff's invasion of privacy and intentional infliction of emotional distress claims, and another $400,000.00 in punitive damages on those claims. *See Williams v. SOCOPER, INC.*, 2021 WL 4430656 (N.D. Ala. July 30, 2021). Ultimately, the plaintiff was awarded a total of $1,203,570 (before attorney's fees)— of which, only $3,570 was for lost wages and benefits. *Id.*

32.     Accordingly, while DSG contends that Plaintiff's claims lack merit and Plaintiff is entitled to nothing, and further reserves the right to dispute that various

8

96768358v.3

forms of potential damages are recoverable, the amount in controversy exceeds $75,000, exclusive of interest and costs, and the case is properly removable to federal court. *See* 28 U.S.C. § 1332(c).

## Conclusion

33.     Based on the foregoing, this Court has original jurisdiction over this action based on the diversity of the parties under 28 U.S.C. § 1332, and because the amount in controversy exceeds $75,000 on Plaintiff's individual claims. Therefore, the Court properly may exercise jurisdiction over this lawsuit.  28 U.S.C. § 1441(a).

WHEREFORE, DSG hereby removes the above-described action pending against it to this Court. DSG also requests all other relief, at law or in equity, to which it is justly entitled.

9

96768358v.3

DATED:  July 24, 2023                    Respectfully submitted,


By: */s/ Kimberly W. Geisler*
Kimberly W. Geisler
SCOTT DUKES & GEISLER, P.C.
211 22nd Street North
Birmingham, AL 35203
Telephone: (205) 251-2300
Facsimile: (205) 251-6773
kgeisler@scottdukeslaw.com


Alex S. Drummond
(*pro hac vice to be filed*)
adrummond@seyfarth.com
Alex W. Simon
(*pro hac vice to be filed)*
asimon@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia  30309-3958
Telephone:  (404) 885-1500
Facsimile:  (404) 892-7056

Attorneys for Defendant
DICK'S SPORTING GOODS, INC.

96768358v.3

# **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record, as listed below, via U.S. Mail on the 25th day of July 2023.

Griffin Shirley
SHIRLEY LAW FIRM
431 North Court Street
Post Office Box 408
Elba, Alabama 36323

*/s/ Kimberly Geisler*
Kimberly Geisler

96768358v.3